UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RONALD DARWIN LAW,

                Petitioner,        3:11-cv-825-CL

          v.                      FINDINGS AND
                                        RECOMMENDATION

MARK NOOTH,

                Respondent.

CLARKE, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of Correction pursuant to a judgment from the Marion County Circuit Court after convictions for three counts of Sexual Abuse in the First Degree and one count of Sodomy in the First Degree. Exhibit 101. Following a guilty plea, the court sentenced petitioner to 75 months of imprisonment on each of the Sexual Abuse convictions and to 240 months on the sodomy

1 - FINDINGS AND RECOMMENDATION

conviction, all to be served consecutively.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 115 - 120.

Petitioner filed a petition for post-conviction relief, but the Malheur County Circuit Court denied relief. Exhibit 133. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Exhibits 134 - 140.

Petitioner then filed a Petition under 28 U.S.C. § 2254 (#2) in this court. Petitioner subsequently filed an Ammended (sic) Petition (#24) and a "supplemental" *(Martineze v. Ryan)* claim (#34). Finally, petitioner filed a "Formal Amended Petition" (#78) in which he seeks to present some new claims, re-allege some of his previous claims, and apply *Martinez v. Ryan*, to the a number of his Grounds for Relief.

Respondent now moves to deny relief on petitioner's claims and dismiss this proceeding. (#101).

Petitioner filed his original Petition (#2) in this case on June 20, 2011.[1] On March 28, 2012, petitioner filed an Ammended Petition (sic) (#31), and on April 8, 2012, petitioner moved to supplement his Ammended Petition to include a *Martinez* Claim (#34). Petitioner filed a Formal

---

[1]The petition was docketed on June 20, 2011, but pursuant to the Mailbox rule, the signing date is the operative filing date.

Amended Petition (#78) on October 25, 2013.

Under the AEDPA, the statute of limitations for habeas corpus is one year from the date on which the original judgment of conviction became final. 28 U.S.C. § 2244(d)(2). The Formal Amended Petition (#78) in this case was filed over two years from the date he filed his original petition.

Under Fed. R. Civ. P. 15(c)(2), a new claim in an amended petition that is filed after the expiration of the statute of limitations will be timely only if the new claim relates back to the filing of a claim in a timely filed pleading. A claim "relates back" if the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely filed pleading. Moylo v. Felix, 545 U.S. 644 (2005). Rule 15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend on events separate in 'both time and type" from the originally raised episodes." Id at 657.

Petitioner's Formal Amended Petition alleges five claims that were not alleged in petitioner's previous petitions or amendments.

In Ground 4 the Formal Amended Petition, plaintiff alleges that his trial counsel was ineffective "for failing to object or argue to the sentencing courts using results of

prior taken polygraph examinations taken by petitioner as substantial and compelling reasons in support of consecutive and upward departure sentences given to petitioner." Formal Amended Petition (#78) p. 10.    In Ground Five, petitioner alleges that his trial counsel was ineffective when "he did not attend the pre sentence investigation interview taken of petitioner." Formal Amended Petition (#78) p. 11. Although petitioner previously alleged claims of ineffective assistance of counsel, these claims do not share a common core of operative facts with any of the claims in the original petition or amended petition. *See* Carriger v. Lewis, 971 329, 333-334 (9th Cir. 1992) (en banc) (ineffective assistance of counsel claims are discrete and each must be properly exhausted or it will be defaulted).; *see also*, Wieland v. Thompson, 2012 WL 5036820 at *3-4 (D. Or. 2012).

In Ground 11, petitioner appears to allege a due process violation because he made a *Blakely* waiver without receipt in writing of the state's intention to rely on enhancement facts. Formal Petition (#78) p. 15.    This claim does not share a "common core of facts" with any of petitioner's previously alleged claims.

In Grounds 9 and 12 petitioner alleges claims related to his sentence and whether he had knowledge of his sentencing options when he entered his plea. Petitioner apparently argues

4 - FINDINGS AND RECOMMENDATION

that he was incorrectly advised regarding his "presumptive sentence" so that his plea was not knowing and voluntary. Formal Amended Petition (#78) p. 13, 16.  Petitioner's timely filed petition  does not include any claim that his plea was not knowing or voluntary.

The other grounds in petitioner's Formal Amended Petition were alleged in petitioner's previous petition as amended. Even though the Formal Amended Petition *per se* is time barred, the following claims are not. Therefore, for clarity, the court will respond to petitioner's claims as numbered and alleged in the Formal Amended Petition (#74).

Petitioner's other grounds are as follows.

In Ground 1 petitioner alleges that his "(f)irst collateral review counsel (FCRC) was ineffective in that petitioner raised a substantial ineffective assistance of counsel claim in his 2nd Amended Formal Petition for Post Conviction Relief ... as follows: ... It is petitioner's position that trial counsel failed to argue at sentencing that he should be sentenced for his Sodomy I conviction first and then be sentenced for his three convictions for sex Abuse I." Formal Amended Petition (#78) p. 7-8.

In other words, petitioner seeks to apply the *Martinez*

exception[2] to excuse the procedural default of his claim that trial counsel was ineffective for failing to argue that the order of his sentencing should have been "in the same order as the October 19, 2004 indictment."

As a preliminary matter, petitioner's *Martinez* argument impliedly concedes that his ineffective assistance of trial counsel argument regarding the order of sentencing (alleged as Ground 2 in petitioner's Formal Amended Petition) is procedurally defaulted. Moreover, for the reasons set forth below, the record is clear that petitioner's claim in this regard fails as a factual matter.

In his post-conviction trial memorandum, petitioner acknowledged that trial counsel *did* argue that petitioner should be sentenced on his Sexual Abuse in the First Degree convictions before his Sodomy in the First Degree conviction. *See* Exhibit 122 at 2. Petitioner's concession is supported by both the affidavit of trial counsel and the transcript of the sentencing hearing. Exhibits 114 at 29, Exhibit 131 at 2.

---

[2]In *Martinez v. Ryan*, the Supreme Court recognized a limited exception to the general rule that a post-conviction attorney's negligence does not qualify as "cause" to excuse procedural default: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas corpus court from hearing a substantial claim of ineffective assistance at trial, if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320.

Because the transcript and affidavit of counsel established that trial counsel did argue that petitioner should be sentenced on the sodomy conviction first, his post-conviction counsel withdrew the claim, and petitioner did not object. Exhibit 122 at 4.

Thus, petitioner's claim that post-conviction counsel was ineffective for not raising the claim fails as a factual matter. Post-conviction counsel *raised* the claim. "The *Martinez* exception only applies to ineffective trial counsel claims that the initial collateral review counsel failed to raise." Howard v. DeCamp, 3:12-cv-388-TC (D. Or. 12/14/2012); *see also, Martinez* 132 S.Ct. 1315, 1318, 1320. In addition, he was not ineffective for not pursuing the claim that was controverted by the evidence. Accordingly, petitioner's Grounds 1 and 2 should be denied.

In Ground 3 petitioner alleges that his trial counsel "failed to investigate that petitioner was not guilty of the charge of Sodomy One." Formal Amended Petition (#74) p. 9.

The post-conviction court finding that "there was no evidence that there was anything to investigate, Exhibit 127 at 7, is supported by the affidavit of petitioner's trial attorney which indicates that petitioner admitted committing the sodomy. In addition, there was physical evidence to corroborate petitioner's confession. "Mr. Law provided me

with no avenues of investigation to defend the Sodomy 1 and I
did not find anything that would negate his guilt on that
charge." Exhibit 131, at 1-2. The post-conviction court's
decision denying relief on this claim is supported by the
evidence and entitled to deference.

In Ground 6 petitioner challenges the application of
Measure 11 to his sex abuse offenses and alleges that his
sentence of 38.75 years violated petitioner's right to be free
from cruel and unusual punishment in violation of the Eight
and Fourteenth Amendments.

Petitioner's challenge to Measure 11 has been rejected by
the Oregon Supreme Court in State ex rel. Huddleston v.
Sawyer, 324 Or. 597 (1997). The Ninth Circuit has also
rejected constitutional challenges to Measure 11. See,
Alvarado v. Hill, 252 F.3d 1066 (9th Cir. 2001).

Petitioner's Eighth Amendment challenge to his sentence
is also without merit. Both state and federal cases support
the imposition of such a sentence in light of the severe
nature of petitioner's crimes.

The Eighth Amendment forbids "only extreme sentences that
are 'grossly disproportionate' to the crime. Ewing v.
California,538 U.S. 11, 20 (2003).(upholding a 25 year
sentence for shoplifting under California's three strikes
law). Generally, the Eighth Amendment's narrow proportionality

8 - FINDINGS AND RECOMMENDATION

principle "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle - the 'precise contours' of which 'are unclear.'" Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

In this case, the sentencing court found an absence of mitigating factors and numerous aggravating factors. In particular the court was troubled by petitioner's knowledge of the specific vulnerabilities of his victim, in that she had both mental and physical challenges that made it difficult for her to communicate and thereby protect herself. In addition, the court found that there was physical force used in the abuse, that the victim had vaginal tearing and bruising, and that she would cry during the repeated sexual assaults and tell petitioner "no." In short, there is no Supreme Court law to support the claim that petitioner's sentence cruel and unusual or grossly disproportionate to the forcible sexual abuse he committed against his mentally and physically challenges five-year old step-daughter.

In Ground 7 petitioner alleges that the trial court sentenced petitioner "in excess of the plea agreement signed by petitioner before sentencing and so petitioner was not made aware, or did he have full understanding of the nature and consequences of the plea and waiver of rights." (Sic) Formal Amended Petition (#74) p. 12.

9 - FINDINGS AND RECOMMENDATION

Petitioner did not fairly present this claim to the state courts and it is now procedurally defaulted. Petitioner argues that his procedural default should be excused under the *Martinez* exception. However, the record is clear that he was advised of and represented to the court that he understood the terms of the plea agreement, and was sentenced within the terms of the agreement. There was no breach of the plea agreement and therefore no ineffective assistance of trial counsel. In other words, petitioner cannot establish a "substantial claim" under *Martinez* to excuse his procedural default of this claim.

In Ground 8 petitioner alleges a claim for "excessiveness of presumptive sentences." Specifically, petitioner alleges that the "[t]rial court erred in sentencing past and exceeding excessiveness of sentence without providing supporting substantial and compelling reasoning justifying a deviation from the authorized sentencing maximum." Formal Amended Petition (#74) p. 13.

The record is clear that the court imposed an upward departure sentence after making the appropriate required specific findings. Exhibit 114 at 30. Petitioner's claim in this regard fails as a factual matter.

In Ground 10 petitioner alleges that the trial court impermissibly imposed - - - 'stacked'- - - Post Prison

10 - FINDINGS AND RECOMMENDATION

supervision terms in violation of state law."

Petitioner was sentenced to the statutory maximum term of 20 years on Count 2, and thus has no post-prison supervision term ordered on that count. Exhibit 101. On Counts 3, 4 and 5, petitioner received a sentence of 75 months, with a 45 month post-prison supervision. *Id.* Counts 3, 4 and 5 are Class B Felonies carrying a statutory maximum term of 10 years (120 months). ORS 163.427. Petitioner's sentence of 120 months on Counts 3, 4 and 5 does not exceed the statutory maximum. Petitioner was sentenced lawfully under Oregon law and his Ground 10 fails as a factual matter.

In Ground 13, petitioner alleges "[t]rial court impermissibly made factual findings of enhancement facts and aggravated petitioner's sentence on Count 2." Formal Amended Petition (#74) p. 17.

The court sentenced petitioner to an upward departure sentence after making specific findings that the victim was particularly vulnerable and that the court's prior sanctions did not deter petitioner's behavior. Exhibit 114, at 30. The court's sentence was in compliance with state statutory sentencing requirements, as well as the federal requirement that petitioner waive his right to a jury making those departure findings. Petitioner has not established any authority for his apparent argument that the aggravating

11 - FINDINGS AND RECOMMENDATION

factors must be set forth in writing prior to sentencing.

Petitioner's Petition (#2) as amended should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

12 - FINDINGS AND RECOMMENDATION

/////

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. _See_, 28 U.S.C. § 2253(c)(2).

DATED this 20 day of June, 2015.

Mark D. Clarke
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION